UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JERRY STEARNS,

           Defendant.

REPORT AND RECOMMENDATION

20-CR-6065-EAW-MJP-1

---

**Pedersen, M.J.** On December 15, 2020, the Court held a suppression hearing, to determine if Defendant's Asus ZenPad, model 285, IMEI number 357185083622439 ("tablet") or the information from the tablet should be suppressed, as requested by Defendant who contends that the tablet was impermissibly taken from him and argues that the fruit from searches conducted should not be used as evidence. (Mot. to Suppress, Aug. 20, 2020, ECF No. 27.) Defendant asserts that the search terms he entered on the tablet were not pornographic in nature, nor did the search history show a search for child pornography. Further, Defendant asserts that United States Probation Officer Thomas Gilbert ("Officer Gilbert") did not have sufficient information or training to know whether Defendant was searching for child pornography, and that adult pornography alone was not sufficient to permit the Probation Office to seize and search the device.

As developed at the hearing, on Friday, May 10, 2019, Officer Gilbert received an alert entitled "Potential Probation / Parole Violation - Jerry Stearns" from Remotecom. This alert related to activity that had occurred on Defendant's tablet on May 8, 2019. Remotecom also called and emailed Officer Gilbert to say that

Defendant had viewed child pornography on his Asus Tablet and that Remotecom had bookmarked 983 screenshots for Officer Gilbert's review.

In the morning of May 13, 2019, Officer Gilbert logged into Remotecom and reviewed the bookmarked activity referenced in a May 13th alert he had received from Remotecom. Officer Gilbert personally observed pornography and what he believed was child pornography. Thus, he believed that Defendant had violated his conditions of supervised release and possibly violated federal and state laws that prohibit the possession of child pornography.

Defendant's release conditions prohibit Defendant from owning, using, possessing, or controlling pornography of any kind while in sex offender specific treatment. (Gilbert Aff. ¶ 4, ECF No. 35–1; Special Conditions of Supervision at 5, ECF No. 35-1.) Defendant is also required to submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered. (Special Conditions of Supervision at 5, ECF No. 35-1.)

The Court finds that based on the search terms revealed during the hearing, as well as the images contained in government exhibit J (filed with the Court), it was reasonable for Officer Gilbert to assume that some of the pornographic images were those of minors. For example, during one of the bookmarked incidents, Defendant viewed images of a child actress for the movie "Kick Ass." (Gov't Ex. J at 586.) Shortly after that search, Defendant searched on Google Images "hot girl nude," producing images of nude young-looking females, ultimately downloading files found from a

2

"young girls nude hot body" search. (Gov't Ex. J at 603, 606, 615, and 620.) Defendant also visited the websites "tailswag.com/lolitafreshRussianJailbait,"[1] "adorable-girls.com," and "candydoll.tv."[2] (Gov't Ex. J at 683–748.) Exhibit J contains numerous images that are clearly sexually explicit in nature. (*See, e.g.*, Gov't Ex. J, 922–25.) As Defendant was prohibited from possessing pornographic material of any kind, these images alone were sufficient to permit Officer Gilbert to confiscate the tablet and have it searched for evidence. His belief that there may be child pornography, while incorrect, was not unfounded. Defendant searched for a then-minor actress, followed by visiting a number of websites containing terms commonly used in conjunction with child pornography. Further, some of the images present do appear to a layman to be of minors. According to the probation report, other searches conducted by Defendant were "lolimodels.space," "boys in thongs," "hard and erect," and "teenage underware [sic] models." (Post Conviction Chrono Report at 1, *attached to* Defense Mot. *as* Ex. A, ECF No. 27–1.) When taken as a whole, it is not unreasonable that Officer Gilbert believed that some of what he saw could have been child pornography. Ultimately, another United States Probation Officer, Officer Troy Zeller ("Officer Zeller"), an officer specifically trained to identify children in photographs, examined the screenshots and determined that "the few websites in question were under the same

---

[1] Officer Gilbert testified that Lolita refers to the novel "Lolita" by Vladimir Nabokov. The novel tells the story of a middle-aged stepfather having a sexual relationship with his twelve-year-old stepdaughter. It is a term commonly used in conjunction with child pornography.

[2] Officer Gilbert testified that based on his experience and training the terms Candydoll, Candygirl, and Candyboy, are associated with child pornography material titles and descriptions.

realm of the issue at hand, did not look like there was any CP,[3] but definatley [sic] young females that are scantily clad." (Post Conviction Chrono Report at 1, *attached as* Ex. D to Defense Mot. to Suppress, ECF No. 27–1.)

Further, Defendant questions whether the Court can determine if the data from the tablet was searched by the Defendant himself. In response, the government pointed out that included in Exhibit J, the screenshots from the tablet, were several pictures of Defendant's face (Ex. J. at 113, 127, 386, and 405) in what appear to be "selfies" and screen shots of video calls. That Defendant had the data recording software installed on the device in the first place illustrates some control over the device, and moreover, when questioned about the search history by Probation, Defendant stated that "he knows that he has been looking at some inappropriate material however he denied any child pornography. He states that he continues to struggle with fantasies involving prepubescent girls." (Def. Ex. A at 1, ECF No 27–1.) It was reasonable for Officer Gilbert to determine that Defendant conducted the image searches resulting in pornographic material. Therefore, since the search of the tablet was lawful, the fruits of that search should be useable as evidence.

## CONCLUSION

Based on its review of the evidence presented at the hearing, the undersigned recommends that Defendant's application to suppress the tablet be denied.

---

[3] CP is shorthand for Child Pornography

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[4]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   December 29, 2020
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

---

[4] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).