UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                    **DECISION AND ORDER**

JERRY STEARNS,                        6:20-CR-06065 EAW

                    Defendant.

_____

## I.   <u>INTRODUCTION</u>

Currently pending before the undersigned are objections filed by the defendant Jerry Stearns ("Defendant") to a Report and Recommendation issued on December 29, 2020, by United States Magistrate Judge Mark W. Pedersen.   (Dkt. 41 (Report and Recommendation); Dkt. 45 (Objections)).  Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

The Court has conducted a thorough review of the Report and Recommendation, the transcript of the suppression hearing held before Judge Pedersen on December 15, 2020, the exhibits admitted at the suppression hearing, and the parties' filings before this Court and Judge Pedersen.  After a *de novo* review of the issues as to which objections were filed, and after a thorough consideration of all the issues raised in Defendant's suppression motion, the Court hereby accepts and adopts in its entirety the Report and Recommendation (Dkt. 41) and overrules Defendant's objections (Dkt. 45).  As a result, the Court denies Defendant's motion to suppress.  (Dkt. 27).

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is charged by way of an indictment returned on May 7, 2020, with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2).  (Dkt. 19).  This Court referred all pretrial matters in the case to Judge Pedersen pursuant to 28 U.S.C. § 636(b)(1)(A)-(B).  (Dkt. 21).

Defendant filed a motion to suppress evidence on August 20, 2020.  (Dkt. 27).  The motion seeks to suppress all evidence resulting from the seizure and subsequent search of Defendant's Asus ZenPad tablet, IMEI number 357185083622439 (the "Tablet").  (Dkt. 27 at 8-10).  After holding a suppression hearing (Dkt. 44), Judge Pederson issued a Report and Recommendation on December 29, 2020, recommending that the undersigned deny the motion to suppress (Dkt. 41).

Defendant objects to the Report and Recommendation, arguing that Judge Pedersen erred in concluding that reasonable suspicion existed to justify the search and seizure of the Tablet.  (Dkt. 45).  The government filed a memorandum in opposition to Defendant's objections on March 22, 2021 (Dkt. 47), and Defendant filed a reply on March 29, 2021 (Dkt. 48).  The Court held oral argument on July 21, 2021, at which time it took the matter under advisement.  (Dkt. 54).

III.    **STANDARD AND ANALYSIS**

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

A.   **Reasonable Suspicion Existed to Justify Search and Seizure of the Tablet**

The challenged seizure of Defendant's Tablet occurred on May 16, 2019, at which time Defendant was on supervised release as part of his sentence for a previous conviction in this District of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *See United States v. Stearns*, Case No. 05-CR-06023-DGL, Dkt. 17 at 4 (W.D.N.Y. May 17, 2005). Defendant's conditions of supervised release on the date of the challenged search and seizure prohibited him from "owning, using, possessing, or controlling pornography of any kind while in sex offender specific treatment." (Dkt. 35-1 at 1). Defendant was engaged in sex offender specific treatment in May 2019. (*Id.*).

Beginning on or about January 20, 2016, through and including May 16, 2019, United States Probation Officer Thomas Gilbert was responsible for supervising Defendant. (*Id.*). In or around January of 2019, Defendant advised Officer Gilbert that he

needed a tablet for work and requested permission to obtain one. (*Id*. at 2). With Officer

Gilbert's permission, Defendant obtained the Tablet in or around February of 2019. (*Id*.).

In accordance with the conditions of Defendant's supervised release, monitoring software

from a company called Remotecom was installed on the Tablet on February 19, 2019. (*Id*.).

On May 10, 2019, Officer Gilbert received an alert from Remotecom, entitled

"Potential Probation/Parole Violation—Jerry Stearns." (*Id*.). At 4:50 p.m. on that same

day, Officer Gilbert received an email from United States Probation Officer Assistant Troy

Zeller indicating that Officer Assistant Zeller had reviewed the information gathered by

Remotecom and it reflected that Defendant had done internet searches for the terms

"lolimodels.space," "boys in thongs," "hard & erect," and "teenage underware [sic]

models." (*Id*. at 17). Officer Assistant Zeller further reported that Defendant "did not visit

any website after said search was done." (*Id*.).

On May 13, 2019, Officer Gilbert received a second alert from Remotecom, entitled

"Potential Criminal Violation—Jerry Stearns." (*Id*. at 2). The alert indicated that the

potential criminal activity had occurred on May 11, 2019, at approximately 12:46 a.m.

(Dkt. 44 at 32). A Remotecom representative also called Officer Gilbert to report that

Defendant had viewed child pornography on his Tablet and that Remotecom had

bookmarked 983 screenshots for Officer Gilbert's review. (Dkt. 35-1 at 3).

On the morning of May 13, 2019, Officer Gilbert reviewed the activity bookmarked

by Remotecom and "personally observed pornography and what [he] believed was child

pornography." (*Id*.). Officer Gilbert testified before Judge Pedersen that he does not have

"training or education in aging somebody" but that the screenshots appeared to him to

depict "minors . . . either naked or in sexually explicit positions" and that it "was clearly pornography and there was significant concern it was child pornography."  (Dkt. 44 at 34).  Defendant concedes that at least one of the screenshots collected by Remotecom "appeared to depict child pornography[.]"  (Dkt. 48 at 3).

Officer Gilbert reviewed the matter with his supervisor, and they determined that there was sufficient reasonable suspicion to seize the Tablet.  (Dkt. 44 at 35).  Officer Gilbert then drove to Defendant's home, but Defendant was not home.  (*Id*. at 50).  Officer Gilbert called Defendant and found that he was working at a residence down the street.  (*Id*.).  Officer Gilbert travelled to Defendant's work site and asked for the Tablet, which Defendant gave to him.  (*Id*.).

Based on these facts, the Court easily concludes that Officer Gilbert had reasonable suspicion to believe that Defendant had both violated the conditions of his supervision and broken the law.[1]  In reviewing whether an officer has reasonable suspicion for a search, the Court considers "the totality of the circumstances of each case to see whether the . . . officer has a particularized and objective basis for suspecting legal wrongdoing."  *United States v.*

---

[1]      On July 13, 2021, the Court of Appeals for the Second Circuit issued its decision in *United States v. Braggs*, __F.4th__, 2021 WL 2931403 (2d Cir. Jul. 13, 2021), holding that "[b]ecause a search undertaken by a parole officer of a parolee to detect parole violations is reasonably related to the parole officer's duties, such a search . . . comports with the Fourth Amendment" and that "[t]he district court erred in holding that reasonable suspicion was required in this context."  *Id*. at *4 (quotations and alteration omitted).  At the oral argument held on July 21, 2021, the Court asked the government whether, in light of *Braggs*, it was taking the position that a lesser standard than reasonable suspicion applied in this case.  The government indicated that it was not.  In light of the government's position, the Court will assume without deciding that the more stringent reasonable suspicion standard applies in this case.

*Arvizu,* 534 U.S. 266, 273 (2002) (quotations omitted).  "[T]he likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard."  *Id*. at 274; *see also Alabama v. White*, 496 U.S. 325, 330 (1990) ("Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.").

Here, Officer Gilbert personally viewed screenshots taken from Defendant's Tablet that he concluded appeared to depict child pornography.  Defendant concedes that at least one such screenshot "appeared to depict child pornography," but argues that "Officer Gilbert could not know whether or not [Defendant] viewed that website."  (Dkt. 48 at 3).  However, the screenshots were obtained by Remotecom from Defendant's Tablet and, as Judge Pedersen noted in the Report and Recommendation, the screenshots at issue included "several pictures of Defendant's face . . . in what appear to be 'selfies' and screenshots of video calls."  (Dkt. 41 at 4).  It was entirely reasonable for Officer Gilbert, given all the circumstances present, to suspect that Defendant had possessed and viewed the screenshots that appeared to depict child pornography.

Further, to the extent that Defendant is arguing that Officer Gilbert was not qualified to assess whether the images appeared to be child pornography (*see* Dkt. 45 at 5 ("None of the probation officers who reviewed the Remotecom data prior to the tablet's seizure are forensically trained to identify the ages of individual in these images.")), such argument is

- 6 -

without merit.   Even when applying the more stringent probable cause standard in considering the validity of a search warrant, "[c]ourts have . . . not required expert testimony regarding children depicted in images of child pornography[.]"   *United States v. Barker*, No. 5:11-CR-73, 2012 WL 12543, at *6 (D. Vt. Jan. 3, 2012) (quotation omitted and collecting cases).   While Officer Gilbert may not, as he explained, have the training to distinguish whether an individual is 15 or 17 years old (Dkt. 44 at 34), he was not required to have such training in order to develop a reasonable suspicion of criminal activity by Defendant.

Having reviewed the matter *de novo*, the Court agrees with Judge Pedersen that Officer Gilbert had reasonable suspicion on May 13, 2019, to believe that Defendant had viewed child pornography on the Tablet.   The Court accordingly overrules Defendant's objection to the contrary.

## B. The Court Reaches No Conclusion as to Whether the Images in Question Constituted Child Pornography

In the Report and Recommendation, Judge Pedersen stated that Officer Gilbert's "belief that there may be child pornography, while incorrect, was not unfounded."   (Dkt. 41 at 3).   Defendant asserts that this constituted a finding by Judge Pedersen that "Officer Gilbert was incorrect about the presence of child pornography in [Defendant's] Remotecom data."   (Dkt. 45 at 3).   The government objects to this characterization of the Report and Recommendation, arguing that Judge Pedersen was "referring to the fact that, when Ofc. Gilbert seized the Asus Tablet and an FBI agent searched it, no child pornography was found.   This is because the defendant successfully erased his browsing

history and deleted the downloaded photos." (Dkt. 47 at 16 (internal citations omitted)). However, "if this Court finds that the R&R contains any holding regarding the nature of the images that were viewed and downloaded by the defendant, then the government respectfully requests that such finding not be adopted." (*Id*. at 16 n.1).

The Court agrees with the government that the Report and Recommendation does not make a finding as to whether or not the images found in the Remotecom screenshots constituted child pornography. Whether a particular image "constitutes child pornography is a question of fact for the jury." *United States v. Dzionara-Norsen*, No. 19-CR-6131G, 2020 WL 1897179, at *5 (W.D.N.Y. Apr. 17, 2020), *adopted,* 2020 WL 3401267 (W.D.N.Y. June 18, 2020). Further, as noted above, Defendant concedes that at least one of the screenshots appeared to depict child pornography. In this context, there is no basis to conclude that Judge Pedersen was opining on whether the Remotecom screenshots depicted child pornography, and the Court does not interpret the Report and Recommendation as doing so, nor does it offer any opinion or make any finding in this regard itself.

### C.   The Court Declines to Reach the Government's "Good Faith" Argument

In opposition to Defendant's objections, the government argues that even if there was a Fourth Amendment violation, the exclusionary rule should not apply because Officer Gilbert acted in good faith. (Dkt. 47). The government did not make such an argument before Judge Pedersen in opposition to Defendant's motion to suppress (*see* Dkt. 28 at 16-20) and so Judge Pedersen naturally did not reach any conclusions in this regard. It is generally improper to raise on *de novo* review arguments that could have been made before

the magistrate judge in the first instance.  *See, e.g., United States v. Gerace*, No. 1:19-CR-86 JLS (MJR), 2020 WL 4227990, at *10 (W.D.N.Y. June 26, 2020), *adopted*, 2020 WL 4227374 (W.D.N.Y. July 23, 2020).

In any event, the Court need not and does not reach this alternative argument because it finds, for the reasons discussed above, that the search and seizure of Defendant's Tablet were supported by reasonable suspicion.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, and the reasons set forth in the Report and Recommendation, the Court adopts the Report and Recommendation (Dkt. 41) in its entirety and denies Defendant's motion to suppress (Dkt. 27).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  August 17, 2021
           Rochester, New York