UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JERRY STEARNS,

          Petitioner,

      v.

UNITED STATES OF AMERICA,

          Respondent.

_____

**ORDER**

6:26-CV-06027 EAW
6:20-CR-06065 EAW

*Pro se* petitioner Jerry Stearns ("Petitioner") has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and alternatively for relief under Federal Rules of Civil Procedure 60(b)(4) and (6) ("Rule 60(b) motion"). (Dkt. 124).[1] For the reasons discussed below, Petitioner's Rule 60(b) motion is denied without prejudice, and he is ordered to show cause why the § 2255 motion should not be dismissed as untimely.

## BACKGROUND

Petitioner was convicted by plea in 2005 of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Dkt. 12, *United States v. Stearns*, Case No. 6:05-CR-06023 (W.D.N.Y. Feb. 7, 2005)). Consistent with the plea agreement, he received a 120-month sentence of imprisonment followed by 10 years of supervised release. (Dkt. 17 at 2-3, *United States v. Stearns*, Case No. 6:05-CR-06023 (W.D.N.Y. May 17, 2005)). Petitioner argues that this sentence was unconstitutional for various

---

[1]    All docket citations are to 6:20-CR-06065 unless otherwise noted.

reasons, including "misapplication of a 10-year mandatory minimum under 18 U.S.C. § 3559(a)(2)(C)." (Dkt. 124 at 7).

While on supervised release for his 2005 conviction, Petitioner was charged with a new § 2252A offense. (Dkt. 1). On July 19, 2023, Petitioner received a "second 120-month sentence" that was "demonstrably enhanced by the void 2005 conviction," which raised his Criminal History Category from III to IV and "served as the sole basis for further enhancements under U.S.S.G. § 7B1.4 for violating release conditions." (Dkt. 124 at 8). Petitioner contends that if the 2005 sentence was "correctly calculated . . . , it would have resulted in a sentence of 30-37 months," and "he would not have been under any supervised release" at the time of the second offense. (*Id.*).

According to Petitioner, these "cascading errors . . . directly and demonstrably caused an excessive 2023 sentence, thereby violating [his] fundamental constitutional rights." (*Id.*). Petitioner asks the Court to resentence him for his 2023 conviction, "'exclude the void 2005 conviction' from [his] criminal history calculation[,] and resentence him based solely on 'lawful prior conduct' and reduce the sentence for the invalid 7 years." (*Id.* at 14).

Alternatively, Petitioner seeks relief under Rule 60(b)(4) and (6) with regard to his 2005 judgment. (*Id.* at 12-13, 15-16, 19). He has also filed a separate Petition for a Writ

of Error Coram Nobis (Dkt. 125) challenging his 2005 judgment that the Court has directed

to be filed in 6:05-CR-06023.  (Dkt. 126).[2]

## **DISCUSSION**

### I.   **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes

a one-year statute of limitations on filing a § 2255 motion.  The limitation period shall run

from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Because there will be a "judgment of conviction" in all criminal cases,

subsection (1) of § 2255(f) usually governs the commencement of the limitations period.

*See Simmons v. United States*, 974 F.3d 791, 798 (6th Cir. 2020) (stating that "the one-year

period will, as a default, be triggered by [§] 2255(f)(1)" because the "'judgment of

---

[2]      A motion to dismiss has been filed in the 2005 case by the government, to which Petitioner has been directed to respond.  That motion to dismiss will be decided in due course once briefing is complete.

conviction' referenced in [§] 2255(f)(1) is the only event mentioned in [§] 2255(f) that will necessarily occur in every case").

### A. Calculation of Timeliness Using the Start-Date in § 2255(f)(1)

The instant motion appears to be untimely under 28 U.S.C. § 2255(f)(1). The judgment of conviction was entered on Thursday, July 27, 2023. (Dkt. 122). Because Petitioner did not file a notice of appeal, the judgment of conviction became final, for purposes of 28 U.S.C. § 2255(f)(1), on Thursday, August 10, 2023. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed."); Fed. R. App. 26(a)(1)(A)-(C) (when computing time for a period stated in days or a longer unit of time, the day of the event triggering the period must be excluded; every day, including intermediate Saturdays, Sundays, and legal holidays, must be counted; and the last day of the period must be included unless it is a weekend or legal holiday) (eff. to Nov. 30, 2023). Petitioner therefore had one year from August 10, 2023, to file a timely § 2255 motion.

Petitioner signed his § 2255 motion on December 13, 2025 (Dkt. 124 at 6), the date it is deemed filed according to the prison mailbox rule.[3]  Because the motion was filed more than one year after the judgment became final, it is untimely under § 2255(f)(1).

Petitioner argues that his § 2255 motion is, in fact, timely because the appropriate start-date for the limitations period is found in § 2255(f)(4), not § 2255(f)(1).  (*See* Dkt. 124 at 10-11).  However, Petitioner appears to acknowledge that if the start-date in § 2255(f)(1) is used, his § 2255 motion is untimely.  (*See* Dkt. 124 at 11).  In that case, Petitioner argues that he is entitled to equitable tolling due to his *pro se* status and the prison-imposed restrictions on his access to legal materials.  Petitioner does not assert any arguments about why he is entitled to the later start-dates in subdivisions (2) or (3) of § 2255(f).

The Court first considers the appropriateness of using subdivision (4) of § 2255(f) as the start-date and then evaluates Petitioner's arguments in support of equitable tolling.

**B.      Appropriateness of the Start-Date in § 2255(f)(4)**

Subsection (4) of § 2255(f) "is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run." *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000).  "Rather, it resets the limitations period's beginning date, moving

---

[3]      In *pro se* prisoner litigation—like this case—the United States Supreme Court has held that the moment of filing in such litigation should be the moment when the *pro se* prisoner "delivered the notice to prison authorities for forwarding." *Houston v. Lack*, 487 U.S. 266, 270 (1988).  "Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006).

it from the time when the conviction became final . . . to the later date on which the particular claim accrued." *Id.*

In support of using the start-date in § 2255(f)(4), Petitioner asserts that as a "*pro se* litigant with severely limited legal access during a decade of incarceration," he did not learn of the "precise legal flaw in his 2005 sentence" until March 2025, after he conducted a "diligent review of the 2004 U.S. Sentencing Guidelines Manual and crucial appellate case law, specifically *United States v. King*, 595 F.3d 844, 850 (8th Cir. 2010)[.]" (Dkt. 124 at 11 (italics added)). He characterizes learning of the sentencing guidelines and caselaw as "newly discovered facts," warranting reliance on the later start-date in § 2255(f)(4). (*Id.*).

But these "facts" have existed for years—the relevant sentencing guideline existed at the time of his 2005 sentence; the opinion he points to has been available for more than fifteen years. Petitioner "does not claim to have only recently discovered any new 'facts,' § 2255(f)(4), but rather to have only recently discovered the law[.]" *Espinal v. United States*, No. 08-CR-242 (ARR), 2020 WL 264918, at *4 (E.D.N.Y. Jan. 17, 2020). However, the Second Circuit explicitly has held that even an intervening "development in case law . . . does not give rise to a 'fact[ ] supporting the claim' brought by a petitioner within the meaning of § 2255(f)(4)." *United States v. McCloud*, 987 F.3d 261, 264 (2d Cir. 2021).

Petitioner also points to *Johnson v. United States*, 544 U.S. 295 (2005), but his reliance on this case is unavailing. (Dkt. 124 at 11). In *Johnson*, the petitioner received an enhanced federal sentence based on two previous state court convictions. 544 U.S. at 298.

After vacatur of one of his state court convictions, the petitioner moved under § 2255 to vacate the enhanced federal sentence. *Id.* at 300-01.  The Supreme Court held that the state court vacatur of the petitioner's conviction was a "fact" for purposes of § 2255(f)(4) because, *inter alia*, it was "subject to proof or disproof like any other factual issue." *Id.* at 306-07.

Here, Petitioner's 2005 federal sentence has not been vacated.  In any event, even if the tolling recognized in *Johnson* applied here, Petitioner likely unreasonably delayed by waiting about 28 months before attacking the 2005 predicate sentence.  (Dkt. 124 at 12-13 (Rule 60(b)(4) motion); Dkt. 125 at 5 (*coram nobis* petition)).  *See Johnson*, 544 U.S. at 311 (observing that a delay of 21 months in "attack[ing] the predicate for enhancement" would be an unreasonable delay that "acting *pro se* and lack[ing] the sophistication to understand the procedures" would not excuse).  Thus, it appears that Petitioner is not entitled to the later start-date in § 2255(f)(4).

## II.    Equitable Tolling

The one-year filing limitation is "not jurisdictional" and, under certain circumstances, may be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotation marks and citation omitted) (holding that AEDPA's one year filing limitation for habeas petitions filed under 28 U.S.C. § 2254 may be equitably tolled).  A petitioner—in this case a movant under § 2255—is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (emphasis omitted)); *see generally United States*

- 7 -

*v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019) (applying *Holland's* equitable tolling principles to motions brought under § 2255).   The petitioner bears the burden of establishing extraordinary circumstances and due diligence.  *Pace*, 544 U.S. at 418.

"As a general matter, [the Second Circuit] set[s] a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling."  *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).  "When determining what constitutes 'extraordinary' circumstances, [the Second Circuit has] observed that 'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'"  *Wright*, 945 F.3d at 684 (quoting *Diaz v. Kelly,* 515 F.3d 149, 154 (2d Cir. 2008)).  "Even when extraordinary circumstances exist, however, a petitioner must demonstrate [reasonable] diligence to qualify for equitable tolling."  *Wright*, 945 F.3d at 685.  Further, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner points to "severely limited legal access during a decade of incarceration" as the reason for his delay in filing the instant motion (Dkt. 124 at 11), but "[t]he usual problems inherent in being incarcerated do not justify equitable tolling."  *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003); *see also Amante v. Walker*, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) ("Generally, transfers between prison facilities, solitary

confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances." (citing *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002)); *Prescod v. Brown*, No. 10 CIV 2395 SHS AJP, 2011 WL 182063, at *4 (S.D.N.Y. Jan. 20, 2011) (collecting cases holding that ordinary challenges, including disciplinary confinement and ignorance of the law are not extraordinary circumstances), *report and recommendation adopted*, 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011).

And although Petitioner contends in the motion that it was only through his own diligent research that he finally realized the sentencing error, his *coram nobis* petition reveals that he identified the sentencing error when he consulted a jailhouse lawyer in January 2025. (Dkt. 125 at 6). Petitioner's request for equitable tolling to discover a sentencing guideline in effect at the time of his 2005 sentencing is not supported with facts showing extraordinary circumstances or reasonable diligence. *See Giles v. Smith,* No. 10 Civ 5322 PKC, 2010 WL 4159468, at *3 (S.D.N.Y. Oct. 8, 2010) ("Insofar as Petitioner alleges that his Petition was untimely by nearly thirteen years because it took him years of study to ascertain his claims, he fails sufficiently to allege that he acted with reasonable diligence to overcome an extraordinary circumstance. Petitioner therefore is not entitled to equitable tolling on this basis."). From what is before the Court, it appears that Petitioner is not entitled to equitable tolling.

## III.    Actual Innocence

If Petitioner's § 2255 motion is not timely under any of the subsections in § 2255(f), and he cannot show entitlement to equitable tolling of the statute of limitations, his § 2255

motion "may be heard only if he shows he is actually innocent." *Sanchez v. United States*, No. 10-CR-392-16 (CS), 2021 WL 2481836, at *1 (S.D.N.Y. June 17, 2021) (citing *United States v. Flower*, No. 14-CR-108, 2019 WL 5957883, at *5 (D. Vt. May 23, 2019) ("Given that Flower's Motion is barred by the statute of limitations set forth in 28 U.S.C. § 2255(f)(1)-(4), to obtain relief she must establish that she is either actually innocent of her conviction or that she is entitled to equitable tolling of the statute of limitations."); *United States v. Torres*, No. 11-CR-389, 2017 WL 78513, at *2 (S.D.N.Y. Jan. 9, 2017) (referring to "the actual innocence gateway through [the] statute of limitations" of AEDPA)). "The Supreme Court has made clear that the actual innocence exception is 'very narrow' and 'is concerned with actual as compared to legal innocence.' The exception, therefore, does not apply where the petitioner merely makes a legal argument." *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (citation modified). Petitioner makes no argument asserting actual innocence.

## IV.    Notice and Opportunity to Respond

For the reasons above, it appears that Petitioner's § 2255 motion is untimely under § 2255(f)(1) and that the later start-date in § 2255(f)(4) is not appropriate. That said, the Court must afford Petitioner an opportunity to respond before dismissing his § 2255 motion *sua sponte*. *See Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000) (holding that the court should not ordinarily dismiss a § 2254 motion without notice and an opportunity for the petitioner to be heard). Petitioner's response must describe with specificity the extraordinary circumstances he faced, explain why those circumstances prevented his

timely filing, and factually establish that he acted with reasonable diligence during the entire period he seeks to toll.

## V.      Rule 60(b) Motion

Petitioner states that his "Rule 60(b)(4) [motion] directly challenges the validity of the 2005 judgment itself" and that his Rule 60(b)(6) motion seeks to correct the "miscarriage of justice" that stems from the "foundationally flawed 2005 conviction." (Dkt. 124 at 16-17).  Because the Rule 60(b) motion challenges the 2005 judgment, it is denied without prejudice to renewal in 6:05-CR-06023.

## **ORDER**

IT IS HEREBY ORDERED that Petitioner's motion for relief pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6) is denied without prejudice to renewal in 6:05-CR-06023; and it is further

ORDERED that Petitioner shall file a response showing his entitlement to the later start-date in 28 U.S.C. § 2255(f)(4) or equitable tolling no later than **30 days from the entry of this Order**; and it is further

ORDERED that if Petitioner fails to file a response within the Court-ordered deadline, the Court will dismiss the § 2255 motion as untimely and will not issue a certificate of appealability under 28 U.S.C. § 2253(c)(1), (2), because jurists of reason could not debate the correctness of this Court's procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); and it is further

ORDERED that all docketing for the § 2255 motion opened as 6:26-CV-06027, shall be made in the related criminal action 6:20-CR-06065.

- 12 -

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      July 24, 2026
              Rochester, New York